CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 15 2016

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

OBAYDA HANIFI ABED,
      Petitioner,

      Case No. 7:01-cv-00356

v.

      ORDER

USA,
      Respondent.

By:   Hon. Michael F. Urbanski
       United States District Judge

Obayda Hanifi Abed filed a pro se motion for reconsideration of the memorandum

opinion and order dismissing his motion to vacate, set aside, or correct sentence pursuant to 28

U.S.C. § 2255. Abed argued in the motion that there were defects in the collateral proceeding,

but he also argued that he is actually innocent of his criminal charges, the sentence exceeded the

statutory maximum, and that the court lacked jurisdiction to enter the criminal judgment. After

receiving the notice required by with United States v. McRae, 793 F.3d 392, 400 (4th Cir. 2015),

Abed has filed an amended motion for reconsideration, arguing only that the counsel who

represented him during the collateral proceeding rendered ineffective assistance by not arguing

that Abed's use of a Molotov cocktail did not qualify as a "destructive device" under 18 U.S.C.

§ 921(a)(4)(C) and § 924(c).[1] In light of Abed's amended motion for reconsideration, the

original motion for reconsideration (ECF No. 16) is **DENIED as moot**.

---

[1] The Court of Appeals recited the applicable facts on direct appeal:
> After scouting the Corner Store, Amar, Obadya, Rayed, and Chisom decided that they would toss a Molotov cocktail through the back window of the Corner Store into the stockroom. On January 13, 1995, they carried out their plan. Chisom testified that Rayed made the Molotov cocktail with a wine bottle, a rag, and some gasoline. . . . Obadya served as a lookout at the front of the alley. After Chisom broke the window with a rock, Amar lit the Molotov cocktail, and Chisom threw it into the store. The conspirators met at their car, circled around the block, and returned to Chisom's apartment. The fire "completely burnt out" the Corner Store.

United States v. Abed, Nos. 98-4637, 98-4647, 98-4648, 98-4649, 98-4670, 2000 U.S. App. LEXIS 261, at *8-9, 2000 WL 14190, at *3 (4th Cir. Jan. 10, 2000).

In the § 2255 motion filed by counsel, Abed had argued "that the court invaded the province of the jury by instructing the jury that a Molotov Cocktail, 'a device consisting of a bottle, gasoline, and a rag,' is an incendiary destructive device." Abed v. United States, No. 7:01-cv-00356, 2001 U.S. Dist. LEXIS 17296, at *2, 2001 WL 1343394, at *1 (W.D. Va. Oct. 19, 2001). Abed also had argued that appellate counsel's failure to raise this claim on direct appeal served as cause to excuse the procedural default of that claim. The court rejected both arguments, finding the claim of court error procedurally defaulted because Abed failed to establish actual prejudice or actual innocence.[2]

Abed's instant motion pursuant to Federal Rule of Civil Procedure 60(b)(4) must be denied. Abed argues in the amended motion for reconsideration that the counsel for the § 2255 motion rendered ineffective assistance by not arguing that the Molotov cocktail did not qualify as a "destructive device" under 18 U.S.C. § 921(a)(4)(C) and § 924(c). However, the Sixth Amendment right to effective assistance of counsel has not been extended to collateral proceedings, and Molotov cocktails can be considered "destructive devices." See, e.g., Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309, 1319-20 (2012); United States v. York, 600 F.3d 347, 354 (5th Cir. 2010); United States v. Cruz, 270 F. App'x 393, 395-96 (6th Cir. 2008); United States v. Simmons, 83 F.3d 686, 687-88 (4th Cir. 1996) (collecting cases under 26 U.S.C. § 2845, an analogous statute). Accordingly, Abed fails to establish that the judgment is void under Rule 60(b)(4), and the amended motion for reconsideration (ECF No. 18) is **DENIED.**

---

[2] The court noted:
> Of the many arguments they [including Abed] made at trial, they certainly never argued that they were innocent because a Molotov Cocktail does not qualify as an incendiary destructive device under § 924(c). Indeed, they concede, as they must, that a Molotov Cocktail can qualify. Nor do they argue now that the Molotov Cocktail was not an incendiary destructive device under § 924(c).

Id., 2001 U.S. Dist. LEXIS 17296, at *3-4, 2001 WL 1343394, at *1.

It is so **ORDERED**.

ENTER: This __15th__ day of March, 2016.

/s/ Michael F. Urbanski

United States District Judge